O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA L. BARRERA NUNO,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | CASE NO. ED CV 13-01846 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

　　　　Plaintiff Maria L. Barrera Nuno asserts that the Administrative Law Judge wrongly discounted her treating physicians' opinions and her own credibility.

　　　　The Administrative Law Judge found that Plaintiff had severe impairments of systemic lupus with arthralgia, a major depressive disorder, and obesity. [AR 13] In the course of assessing the evidence, the Administrative Law Judge did not accept the opinion of M. Patterson, D.O. as to Plaintiff's residual functional capacity [AR 21], nor that of Kenneth Chuang, M.D. as to her mental capacity. [*Id*.] Nor did the Administrative Law Judge fully accept Plaintiff's own statements as to her capacity. [AR 18-20]

　　　　One of the reasons the Administrative Law Judge gave for giving little weight to Dr. Patterson's opinion — that Dr. Patterson was not a medical doctor — was incorrect, as the Commissioner concedes in this Court. The Court therefore turns to the other reasons.

The Administrative Law Judge said that Plaintiff does not receive mental health treatment at the Venice Family Clinic, where Dr. Patterson works. [AR 21] Factually, this appears to be correct. Although Plaintiff says in her papers to this Court that doctors at the Venice Family Clinic "actually diagnosed Ms. Nuno with anxiety and depression and actually treated her for these impairments with medication," (Plaintiff's Memorandum 9:18-19), the record cited by Plaintiff does not bear this out. The records do contain references to anxiety and depression, but do not indicate that they were diagnoses from Dr. Patterson or persons working for Dr. Patterson. Likewise, the medications listed are medications that were "continued," not, apparently, medications prescribed by Dr. Patterson to address Plaintiff's mental issues. To the extent that Plaintiff's mental capacity symptoms were noted, those notations often showed proper orientation, normal insights and appropriate mood and affect [AR 273, 276, 283 ("negative for anxiety")] although on two occasions the record states *both* proper orientation, insight and affect *and* positive for anxiety, depression, difficulty initiating sleep and sleep disturbances. [AR 270-71, 273] The salient point, however, is not whether these notations exist in the record, but whether this is what Dr. Patterson was treating her for, such that the notations should be entitled to some sort of deference arising from the treating relationship. It seems clear, however, that her *treatment* for her mental health issues was elsewhere, at Edelman Mental Health, as her counsel acknowledged at the hearing. [AR 34] Hence, the Administrative Law Judge was accurate in stating that opinions of Dr. Patterson as to Plaintiff's mental capacity enjoyed no special status arising from a treating relationship. [AR 21]

The Administrative Law Judge also discredited the opinion by noting that there were no objective imaging or other evidence to support the extreme limitations of function, and that range of motion was not chronicled as part of the clinical examinations. [AR 21] Plaintiff does not dispute this fact in this Court. Yet, the questionnaire filled out by Dr. Patterson states that Plaintiff has limited range of motion [AR 289] as well as joint

swelling (although the Administrative Law Judge saw only one report of joint swelling [AR 18].

The Administrative Law Judge also noted that Dr. Patterson's assessment was inconsistent with Plaintiff's own admissions regarding her daily functioning. That is, the notion that Plaintiff's ability to function was so limited — less than sedentary, as the Administrative Law Judge noted [AR 21] — was belied by her reported activities, including caring for herself and her daughter, taking the bus, shopping for groceries, cooking, cleaning, running errands, and other matters. [AR 18] This inconsistency is a valid basis for not according full weight to the opinion of a physician as to an ability to function.

The Administrative Law Judge also discredited the functional capacity assessment of Dr. Chuang, who was the treating mental health professional. (She did not, however, find any fault with the diagnosis itself, and found that Plaintiff suffered from a major depressive disorder. [AR 13]) Dr. Chuang filled out a questionnaire indicating that Plaintiff had marked limitations in her activities of daily living and in maintaining social functioning; constant deficiencies of concentration, persistence or pace; and continual episodes of deterioration or decompensation in work-like settings. [AR 297] He assessed Plaintiff as having a current Global Assessment of Functioning ("GAF") of 25, with the highest such level during the past year being 40. [AR 294]

The Administrative Law Judge identified several reasons that she did not accept this opinion. She indicated that the report was misleading in its implication that Plaintiff had been treated since February 2010, because there was a gap in treatment for most of the first year. She also indicated that the GAF was so extreme as to suggest in-patient treatment, but that there were no records of such treatment. She noted that the assessment considered factors that were not appropriate for consideration, such as "economic factors" and "discord with neighbors" (without any express findings of accompanying anti-social behavior). And she noted, as she had with respect to Dr. Patterson, that the assessment was belied by Plaintiff's actual activities. [AR 21]

All of these factors are matters which the Administrative Law Judge appropriately considered in evaluating the weight to accord the treating sources' opinions. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Johnson v. Shalala*, 60 F.3d 1428, 1433-34 (9th Cir. 1995); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). In addition, both reports depended to an extent on reports by Plaintiff of her symptoms, but the Administrative Law Judge found Plaintiff not fully credible. When a physician relies on such self-reports, the resulting opinion of the physician may be discredited if the claimant's credibility also properly has been discredited. *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997).

Here the Administrative Law Judge thought that Plaintiff was not credible. First, she noted that Plaintiff's allegations of chronic pain from lupus were not supported by objective evidence. [AR 18] While absence of objective evidence is not conclusive, it is one factor that, in appropriate cases, may be considered in assessing credibility. *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001). The Administrative Law Judge also noted that Plaintiff's allegations of incapacitating pain were inconsistent with her activities, and that she had not listed any medications for pain. [AR 18] These also are permissible factors to consider in assessing credibility. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. March 19, 2001). She claimed panic attacks when testifying but denied panic attacks when examined, an inconsistency that was not explained by medical evidence or otherwise. [AR 19] Normal techniques of assessing a witness' credibility are appropriate for an administrative law judge to use *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989), and certainly inconsistency with prior statements is a factor an adjudicator can look at. *Tonapetyan, supra.*

The Administrative Law Judge appropriately determined that Plaintiff was not fully credible and, as noted, that too was a factor that was appropriate to consider in assessing the treating physicians' opinions, to the extent they relied upon Plaintiff's self-reporting.

    The Administrative Law Judge found a residual functional capacity for Plaintiff in reliance upon the findings of examining physicians. As noted, the usual preference for the opinions of the treating physicians did not apply here. In this Court, Plaintiff protests that one of the examining physicians did not have medical records before her at the time of the examination, but does not indicate how those records would have altered anything. Furthermore, the Administrative Law Judge made certain adjustments to accord Plaintiff the benefit of the doubt. [AR 20]

    The matters identified by Plaintiff as being erroneous do not justify reversal or remand in this case. Accordingly, the decision of the Commissioner is affirmed.

DATED: June 30, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE